**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

JOLANDA T. PAUL, on behalf of
BTP,

       Plaintiff,

v.                                  CASE NO. 1:11-cv-00141-MP-CAS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____/

# O R D E R

      This cause comes on for consideration upon the Magistrate Judge's Report and

Recommendation dated June 5, 2012.  (Doc. 20).  The parties have been furnished a copy of the

Report and Recommendation and have been afforded an opportunity to file objections pursuant

to Title 28, United States Code, Section 636(b)(1).  I have made a *de novo* determination of any

timely filed objections.

      Plaintiff's objections to the Report and Recommendation are entirely a restatement of

Plaintiff's original meritless argument and add nothing new that would alter the Magistrate

Judge's findings in the Report and Recommendation.  The core of Plaintiff's objections center on

her original argument that a Differential Ability Scale-II ("DAS-II") test score is a valid IQ test

score as contemplated under 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 112.00D

("Listing 112.05D"), and that BTP's DAS-II score is low enough to qualify her for Social

Security benefits per Listing 112.05D.  (*See* Doc. 21 at 3-6).  The Magistrate Judge thoroughly

addressed Plaintiff's claim that a DAS-II test score is a valid IQ test score as contemplated under

Listing 112.05D, and the Magistrate Judge found the claim lacking support from a persuasive

authority.  (Doc. 20 at 20).  The Court agrees with the  Magistrate Judge's conclusion.  A single unofficial website showing some correlation between DAS-II and Wechsler Intelligence Scale for Children ("WISC") scores is simply insufficient to support Plaintiff's argument.  Further cutting against Plaintiff's argument, a leading DAS-II and WISC brand vendor's FAQ webpage clearly states that DAS-II is not an IQ test.  (See Doc. 20 at 19-20).

Even assuming that DAS-II is an appropriate IQ test for Listing 112.05B purposes, the ALJ provided appropriate reasons for concluding that BTP did not have a qualifying valid IQ score in this case.  "The ALJ is not required to uncritically accept the IQ scores in the record, and instead must look at the record as a whole when considering such scores."  (Doc. 20 at 20) (citing *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992); *Pope v. Heckler*, 779 F.2d 1497, 1499-1500 (11th Cir. 1986); *Henry v. Barnhart*, 156 Fed. Appx. 171 (11th Cir. 2005)).  The record supports the ALJ's conclusions.  Significantly, the doctor administering the test specifically found that BTP's relevant DAS score "was an underestimate of BTP's abilities, reflecting BTP's motivational and behavioral concerns rather than her cognitive abilities." (Doc. 20 at 20).  The ALJ also appropriately considered that BTP's academic performance was average and consistent with her grade level, with dips in performance corresponding with emotional problems due to family difficulties.  (Doc. 20 at 20-21).  Further, "during the administrative hearing, [Plaintiff] and BTP's older brother focused on BTP's emotional and behavioral difficulties, rather than cognitive limitations."  (Doc. 20 at 21).

Without satisfying the IQ requirement, Plaintiff cannot show that BTP qualifies for Listing 112.05D.  (Doc. 20 at 9).  Especially under the relatively relaxed substantial evidence standard, the record supports the ALJ's determination that BTP's IQ did not satisfy Listing 112.05D's requirement.  As such, Plaintiff's remaining objections concerning the second

requirement of Listing 112.05, (doc. 21 at 6-7), have no effect on the Magistrate Judge's

conclusions.

Having considered the Report and Recommendation, and any objections thereto timely

filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.    The Magistrate Judge's Report and Recommendation is adopted and incorporated
      by reference in this order.

2.    The decision of the Commissioner of Social Security to deny Plaintiff's
      application for Social Security benefits be AFFIRMED.

**DONE AND ORDERED** this _ *6th* day of November, 2012

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge